HARRY B. SALTZBURG, as Administrator of the Estate of NORMAN SALTZBURG, Deceased, Claimant, *v.* STATE OF NEW YORK, Defendant. (Claim No. 29675.)

FELIX WOHL, as Administrator of the Estate of JOHANNE WOHL, Deceased, Claimant, *v.* STATE OF NEW YORK, Defendant. (Claim No. 29676.)

Court of Claims, September 15, 1953.

*Nathaniel L. Goldstein,* Attorney-General (*Harold S. Coyne* of counsel), for defendant.

*Richard C. Lounsberry* and *Maurice Supiro* for Harry B. Saltzburg, claimant.

*Richard C. Lounsberry* for Felix Wohl, claimant.

Sylvester, J. Judgments herein were entered on July 10, 1953. The clerk computed interest upon the sums awarded in each instance from the date of death to the expiration of six months after the appointment of an administrator, and disallowed interest thereafter until the date of filing of the respective claims. This accorded with the direction of the court's supplemental memorandum filed herein. Insofar as the present application seeks to modify the foregoing computation of interest it is denied. The State also moves for a disallowance of interest for a period from March 24, 1952, to July 10, 1953, which embraces the period of time between dismissal of the claims for failure to prosecute and the date of entry of the respective judgments. Subdivision 2 of section 19 of the Court of Claims Act, upon which the State relies, reads: "If, when any such claim is reached for trial, the claimant fails to appear or is not ready to proceed to the trial thereof, the court, in its discretion, may proceed forthwith to take proofs and testimony therein offered by the state or otherwise, and may make an award in accordance therewith and cause a judgment to be entered therein.

If, in such case, the court shall decide not to proceed with the trial or shall thereafter open claimant's default and restore the claim to the calendar, the court shall not allow interest upon such claim between said date of adjournment or dismissal and the entry of judgment, unless, in the exercise of its discretion, for good cause shown, the court shall otherwise determine."

These claims first appeared on the September, 1949, calendar of the court. It must be said that their subsequent calendar history is replete with successive adjournments, a condition most discouraging to the expeditious disposition of judicial business. At seven successive terms of the court these claims were adjourned at claimants' request. Thereafter, and on March 24, 1952, the claims were dismissed for failure to prosecute but were restored the same day, upon condition that they would again suffer dismissal if not tried in the first week of September, 1952. On September 30, 1952, the claimants once more not being ready, the claims were again dismissed. Upon further application the causes were restored to the calendar by order entered on December 10, 1952, at which time new counsel for claimants came into the matter and refreshingly proceeded quite diligently with his examinations before trial and with the trial of the actions. It is important, of course, to afford a litigant his day in court. It is essential, also, that litigants shall be prepared for trial when reached so that delay and calendar congestion may be avoided. Undue delays can be prejudicial to a litigant's cause, be it that of claimant or defendant, and tend to impair the efficient administration of justice. In a case such as the instant one, interest keeps running in the event of recovery to the prejudice of the State and, understandably, the statute therefore directs its sanction to a situation where " the claimant fails to appear or is not ready to proceed " and provides that " the court shall not allow interest upon such claims between said date of adjournment or dismissal and the entry of judgment, unless, in the exercise of its discretion, for good cause shown, the court shall otherwise determine ".

Here, the papers fail to establish sufficient reason in explanation or mitigation of the failure over a long period of time to proceed to trial. In these circumstances the discretion of the court may not be invoked to sustain the accumulation of interest. The mandate of the statute (Court of Claims Act, § 19, subd. 2) would therefore require the disallowance of interest upon the judgments herein for the period beginning March 24, 1952, to July 10, 1953. It is also to be pointed out that the judgment in the Wohl claim, as entered, inadvertently decrees that interest

in part is to run from April 19, 1947, to October 28, 1948. This portion of the judgment should be corrected so as to make the interest run from April 19, 1947, to October 28, 1947. The clerk is directed to amend the judgments in accordance herewith, as of July 10, 1953.